IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JONATHAN LEE RICHES, | ) | No. C 07-3695 MJJ (PR) |
| Plaintiff, | ) | **ORDER OF DISMISSAL** |
| v. | ) | |
| CINDY SHEEHAN, NANCY PELOSI, | ) | |
| Defendants. | ) | |

Plaintiff, a federal prisoner proceeding pro se, filed this pro se civil rights complaint pursuant to 42 U.S.C. § 1983 against Cindy Sheehan, an anti-war activist, and Congresswoman Nancy Pelosi.

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

Sections 1915A and 1915(e)(2) accord judges the unusual power to pierce the veil of

N:\MJJ\HC Orders\riches1.dsm.wpd

the complaint's factual allegations and dismiss as frivolous those claims whose factual

contentions are clearly baseless.  See Denton v. Hernandez, 504 U.S. 25, 32 (1992).

Examples are claims describing fantastic or delusional scenarios with which federal district

judges are all too familiar.  See Neitzke v. Williams, 490 U.S. 319, 328 (1989).  To pierce the

veil of the complaint's factual allegations means that a court is not bound, as it usually is

when making a determination based solely on the pleadings, to accept without question the

truth of the plaintiff's allegations.  See Denton, 504 U.S. at 32.  A finding of factual

frivolousness is appropriate when the facts alleged rise to the level of the irrational or the

wholly incredible, whether or not there are judicially noticeable facts available to contradict

them.  See id. at 32-33.

Plaintiff alleges Ms. Sheehan and Ms. Pelosi stole his identity, broke into his prison

cell, used the proceeds to finance Sudanese rebels and aerospace projects, bought a house in

plaintiff's name, joined Al Qaeda, are withholding evidence about the Zodiac Killer, and

conspired with actor Dennis Hopper and baseball player Barry Bonds.  Plaintiff further

alleges he is being "microwave tested daily," that Ms. Sheehan put a stick in his bicycle

spokes, and that prison officials have hired robotic prison guards.  Plaintiff seeks 199 trillion

dollars in damages.  As these allegations clearly baseless, irrational and wholly incredible,

the complaint will be dismissed as frivolous under sections 1915A and 1915(e)(2).

For the foregoing reasons, this action is DISMISSED.  In light of this dismissal, any

application for leave to proceed in forma pauperis is DENIED and no fee is due.

The Clerk shall close the file.

IT IS SO ORDERED.

DATED: 8/14/2007          _____
                          MARTIN J. JENKINS
                          United States District Judge

United States District Court
For the Northern District of California